JEREMIAH A. WALKER *vs.* JOSEPH FERRIN.

RUTLAND,
*February,*
1832.

Where a party litigant executed a release to a witness to extinguish his interest in the suit, in order to render him competent, and the witness, at the same time, executed and delivered his note to the party in satisfaction of that interest, the validity of which was to depend on the event of the suit,—it was held, that there was a sufficient delivery of the release, though it did not actually come into the possession of the witness, but was immediately destroyed by the party on the witness being rejected.

In such case, if the party be an infant, he is not bound by the discharge; but

If the party be an adult, he will not be relieved from the effect of the discharge, on the ground that it is tainted with illegality and turpitude, he being a *particeps criminis.*

If a guardian *ad litem* join in the execution of such a discharge, it will still not be binding on the infant : the powers of such a guardian do not enable him to discharge the interest of a witness under such circumstances.

The mere circumstance, that a party executing such a discharge, is an infant, is not in all cases sufficient to avoid it. If it be executed by him on a *bona fide* and sufficient satisfaction of a debt due him, it is binding.

Where one sold a note warranting that the maker had nothing which could be pleaded in offset thereto, and the purchaser sued the note, and was prevented from recovering by an offset pleaded and allowed;—it was held, in an action brought by the vendee of the note against the vendor, to recover for a fraudulent representation with regard to the offset, that the prior judgement on the note was conclusive evidence of the existence of the claims allowed in offset, the vendor having been present at the trial on the note, and assisted the plaintiff in sustaining the action.

This was a special action on the case, setting forth the sale by the defendant to the plaintiff, of a note executed by one Calvin Bruce to one Silas Bruce, and transferred by said Silas to the defendant, and by him to the plaintiff ; and alleging a fraudulent and deceitful representation on the part of the defendant, that said Calvin, the maker, had no account or claim in offset to defeat a recovery thereon ; and seeking to recover, as special damages, the costs of a suit, instituted by the plaintiff against said Calvin on the note, in which the latter had recovered judgement by means of a setoff. On trial in the county court, it appeared in evidence, that in the trial of the suit instituted on said note by *Walker,* the defendant was offered as a witness on the part of the plaintiff, and he being objected to on account of his interest, *Walker* executed a sealed release to *Ferrin* of all liability whatever arising from the sale of the aforesaid note ;—that Abial Child, Esq. who was appointed by the court in that suit guardian *ad litem* to the plaintiff, *Walker,* joined as such in the execution of said release ; (the plaintiff at that time being a minor ;) that a note was executed by *Ferrin* in consideration of the release ;—that the justice of the peace, before whom the suit was brought, rejected him as a witness, because it appeared the validity of the note was to depend on the event of the suit ; and that afterwards Child, against the

RUTLAND,
February,
1832.

Walker
vs.
Ferrin.

remonstrances of *Ferrin*, destroyed the release. Calvin Bruce pleaded in offset an account against Silas Bruce, the payee of the note, and recovered thereon. One of the items of this account was a charge of forty dollars for work done on a meeting-house job, undertaken by Silas Bruce. Evidence was given tending to prove, that at the time Silas Bruce procured Calvin to perform the work, he agreed with Calvin to give him up another note which Silas had against Calvin and his brother, Asa, of about thirty dollars, and pay him the balance ; that this had in fact never been done, but Silas Bruce sold that note to another person. It did not appear that Silas Bruce was notified, or knew of the trial of the suit on the note brought by the plaintiff against Calvin Bruce. The court decided, and so instructed the jury, that the release did not operate as a defence to this action ; that *Ferrin*, having been present at the trial of the suit on the note, the account there presented by Calvin Bruce against Silas being allowed by the court, must be considered as *prima facie* correct in this action, until the same was disproved by the defendant in this suit ; and that the charge of forty dollars for work, before mentioned, might well be pleaded in offset to the note sold by *Ferrin* to *Walker*. A verdict having been returned for the plaintiff, the defendant filed exceptions, and brought the cause to this Court, and moved for a new trial.

*Royce and Hodges*, in support of the exceptions.—1st. It is contended on the part of the defendant that the discharge executed to him is a full defence to any suit thereafter. No question can be made as to the manner in which the discharge was executed, (being under seal,) nor as to the delivery, as the case shows it was placed on the table *for him* ; and, even, if a consideration was required, the case also shows he executed his note in consideration of any supposed liability he was under. It then only remains to be determined whether the discharge could be executed by the minor and the guardian *ad litem*. It is believed no well founded objection can be made to such a discharge ; for such a discharge might properly be executed if the whole amount now claimed had been paid in money ; and if such had been the case, would the defendant be compelled to prove by some witness taken with him for that purpose, he had paid the debt thus discharged ? It is also insisted, that the power to discharge a person interested, for the purpose of making him a witness, even without payment, must necessarily reside somewhere to protect the rights of the infant ; and in this

case where would it reside, except in the guardian *ad litem ?* It could not be said that a guardian regularly appointed by the probate court could not give a discharge, and not be liable to the infant, if he acted in good faith ; and if he could discharge, where is the danger of permitting a guardian *ad litem* to do the same ? for he certainly would be liable if he acted fraudulently.

2nd. It is contended that the court erred in deciding that the judgement in the suit on the note against Calvin Bruce was *prima facie* evidence of the existence of an account which could properly be offset on the note. The case show that Silas Bruce was not present, nor did he know of the trial, nor does it appear from the case that *Ferrin* was notified to attend, unless it may be inferred that he was summoned to attend as a witness for *Walker.* If it is contended that *Ferrin* was entitled to notice, would it be enough to show him present, without showing his connexion with the business of the suit, or that he was asked to prosecute the claim ?

3rd. It is insisted that so much of the account of Calvin Bruce, as was agreed to be applied in payment of a note of thirty dollars, should have been applied accordingly, and would constitute a good defence to the note in the hands of the present holder. The note was, in fact, paid whenever the work was done : the case made the application ; and unless by a mutual agreement between Silas Bruce and Calvin Bruce, this work was to be applied in some other way : before Calvin had notice of the sale of the note to *Ferrin*, no act of Silas Bruce could direct the application of the work agreed to be applied on the thirty dollar note.

*Bates and Child, contra.*—The only question raised by this case which can admit of any discussion regards the release : as to which the plaintiff contends, 1st. A guardian *ad litem* has no power to discharge the infant's claims ; such a power not being incident to his duties and office. 2nd. No guardian can bind an infant by a contract like this, fraudulent in its nature between the parties, and hurtful to the interests of the infant.—7 *Johns. Rep.* 557, *Rogers and wife* vs. *Cruger et al.* ; *American Chan. Dig.* 221, *sect.* 13. 3rd. It does not appear by the case that the contract in regard to the release was fully perfected, nor the reason why the release had not been actually delivered to *Ferrin.*

PHELPS, J., delivered the opinion of the Court.—The first and principle question arising in this case is, whether the release, exe-

RUTLAND,
February,
1832.

Walker
vs.
Ferrin.

RUTLAND,
*February,*
1832.

Walker
*vs.*
Ferrin.

cuted by the plaintiff to the defendant, for the purpose of render-ing the defendant a competent witness in the former suit, is a bar to the present action.   The objection to its operating as a bar, as made by the plaintiff, is, that it is not to be regarded as having been, in a legal sense, delivered ; and further, that if it were so delivered, it is not to be considered a legal or valid instrument.

That delivery is essential to the operation and validity of all written instruments, is not to be questioned ; but there are cases, where the contract may be justly regarded as completed and binding on the party, although the written evidence of that con-tract may not be in his personal possession.   The question of de-livery depends, in many cases, on the intention of the parties ; and an act in itself equivocal may derive its legal effects from that in-tention, as evidenced by attendant circumstances.   In this case, the laying the discharge on the table, in the presence of both par-ties, and in the power of both, might, and might not, operate as a delivery in a legal sense.   Whether it did or did not so operate, depends upon the criterion already suggested.   If the note, which appears to have been executed in consideration of the discharge, had been, as we must infer from the case, actually delivered, it would seem, that such an act must be construed as an intentional delivery and a consummation of the contract.   The case howev-er, furnishes most satisfactory grounds for this conclusion.   The occasion of its production, at the justice's court, was the objection taken to the competency of the defendant as a witness for the plaintiff, in the action then pending.   The purpose of its produc tion was to remove that objection ; and by whomsoever produced there, it was relied on by the plaintiff as an instrument which had taken effect to extinguish the interest of the witness.   This pro-ceeding involves an avowal of its delivery.

The more important question, however, is whether, admitting the delivery, the instrument was effectual to extinguish the claim attempted to be enforced in the present action.

The whole transaction, in relation to the note and discharge, was a gross fraud upon the administration of justice.   The agreement in relation to the note, that its validity should depend upon the event of the suit, restored the interest of the witness, and conver-ted the whole proceeding into a corrupt device—a fictitious and simulated contract, entered into for the unlawful purpose of de-ceiving the court, and imposing upon it, as a disinterested witness, a person in reality as deeply interested as the plaintiff himself.   It is not to be supposed, that the law would lend its sanction to a

contract conceived in purposes of fraud, and calculated, moreover, to poison the very fountains of justice. The policy of the law on the subject is well settled. It refuses its aid to such a contract, either for the purpose of enforcing it, or of relief from it. If the contract be executory, it is deemed void ; and if executed, the law affords no aid in extricating the party from the necessary consequences of his criminal act.

RUTLAND,
February,
1832.

Walker
vs.
Ferrin.

The latter principle might indeed seem to give validity to the discharge in question. But it is to be remembered, that this principle of law applies only in cases where the parties are to be regarded as *participes criminis.* Were the plaintiff, in this instance, of full age at the time of joining in this discharge, it would be difficult to discover upon what principle he could be relieved upon the ground that the discharge is tainted with positive illegality. But he is admitted-to have been, at that time, a minor ; and it is worthy of consideration, whether he is so far implicated in the fraud contemplated by that transaction, as to be bound by a contract otherwise voidable.

A minor is not supposed by law to be possessed of legal discretion ; nor to be so far connusant of the legal character and effect of a contract, as to be bound thereby. If he is not considered capable of discerning the natural and necessary import and consequences of a contract, he cannot be supposed capable of judging of those remote incidents, which are derived not so much from considerations of equity and justice between the parties, as from more abstruse and deep laid principles of general policy. And if he is not subjected to the usual consequences of a contract, he ought not to be visited, in regard to them, with the vindictive policy of the law. In short, if he is not bound directly and immediately, he cannot be made so by any circuity of reasoning, drawn from any accidental or contingent consequences of his contract.

The mere circumstance that a party executing a receipt or discharge is an infant, is not, in all cases, a sufficient reason to avoid it. There can be no doubt, that such an instrument, executed by him upon a *bona fide* and sufficient satisfaction of a debt due him, is binding. For this reason, it becomes necessary, in this case, to inquire into the consideration on which the discharge is founded, and the circumstances under which it was given ; and, as there was no satisfaction nor payment of the claim, but a discharge or release executed, which can be binding only as a positive contract ; and as this contract was entered into under the circumstances mentioned, we are clearly of opinion that he is not

bound by it; and that it is not a case where the vindictive rule, above alluded to, can properly be applied.

It is contended, however, by the defendant, that, although this release cannot be considered as binding on the plaintiff, as his own act simply, yet, that, having been executed by the guardian *ad litem*, it is effectual to discharge the claim ; and that the plaintiff's remedy, for any injury he may have sustained, is against his guardian. This depends upon the power of the guardian *to* bind the plaintiff by the release. Admitting, for argument's sake, that such an instrument may legally be executed by the guardian, as a general rule, yet this rule applies only to *bona fide* and lawful acts. It cannot apply to fraudulent and unlawful acts, nor to contracts, which, for their illegality, would not be enforced, and which, if executed, are binding on the party only upon the principle that he is *particeps criminis*. Indeed, an infant may avoid the act of his guardian, if it be in fraud of his rights, or illegal in its nature.—See *Rogers et ux.* vs. *Cruger et al.* 7 *Johns. Rep.* 557. Regarding the release, then, as the act of the gardian, and as illegal in its character, there is no reason why the plaintiff should be bound by it, as the only ground upon which such a contract is ever held binding, to wit, that the party is *particeps criminis*, does not exist in the case.

We are, after all, of opinion, that the guardian *ad litem* had no power to execute the release in question, for the purpose stated in the case. The power of discharging the interest of a witness, in order to render him competent, was never supposed to appertain to the offices of an attorney or other agent for conducting a suit. It is not necessarily involved in an authority to prosecute or defend, The powers of a guardian *ad litem*, appointed by the court, are analogous to those of an agent or attorney appointed by the party. In neither case do they extend to the disposition or control of claims not in issue in the suit ; nor is it easy to discover the source from which the court derive the power of authorizing any interference with claims, which, not being involved in the issue, are of course not within their jurisdiction. There are insuperable objeetions to the exercise of such a power. The jurisdiction of the probate court is assumed by it, and the general guardian, if there be one, is ousted of his office. The control of the ward's effects is transferred to a tribunal, where the law has not placed it, and the administration of those effects committed to the agents of that tribunal, without the security provided by law. To permit the guardian *ad litem* to exercise a controul over any

Rutland,
February,
1832.

Walker
vs.
Ferrin.

thing, except the suit itself, would be dangerous in the extreme. The power of such guardians has ever been strictly construed. Hence their admissions are not binding on their wards.—See *Cowling* vs. *Ely*, 2 *Starkie's Rep.* 366. Nor is the answer of a guardian to a bill in chancery binding on the ward.—See *Beasley* vs. *Magrath*, 2 *Sch. and Lefroy*, 34 ; *Wrottesly* vs. *Bendish*, 3 *P. Wms.* 237 ; *Leigh* vs. *Wood*, 2 *Vent.* 72 ; 2 *Mad. Ch.* 262. Here the authority of a guardian *ad litem* to discharge the interest of a witness, in order to render him competent, (the precise authority here claimed,) has also been denied.—See *Frazer* vs. *Marsh*, 2 *Starkie's Rep.* 41 ; 2 *Saund. Pl. and Ev.* 948.

The release in question was therefore no bar to the present action, and the decision of the county court on that point is affirmed.

A further exception, however, is taken to the decision of the court below, viz. ; that they held the judgement in the suit, instituted against Calvin Bruce by the plaintiff on the note in question, to be *prima facie* evidence for the plaintiff in this case.

There are two points of view, in which judicial proceedings may be regarded, when offered as evidence in a subsequent case. A judgement may be relied on as a matter of estoppel, i. e. as a previous determination of the same controversy ; in which case it is, if evidence at all, conclusive evidence between the parties ; and it may be offered as matter *in pais*, as a fact, or a part of a transaction, in relation to which a controversy has arisen ; and in such case, it is relied on, not as a conclusive determination of the identical controversy, but as a fact or occurrence, having a bearing upon the controversy to be settled. When offered in this point of view, its admissibility depends, not so much upon the question who are parties to it, as upon the question, whether the existence of such a judgement is a fact material to the issue.

In the present case, the representation set forth in the declaration relates to the collectability of the note, and was substantially, that there was no claim in offset to defeat a recovery on it. This being the case, a recovery in the suit on the note, would have satisfied the representation, and been decisive of the present controversy. On the other hand, the judgement for the defendant in the former suit goes to establish the fact, that the plaintiff failed to collect the note, which is essential to his recovery here. The record further shows that failure to have been occasioned by means of an account pleaded in offset by Bruce, another fact equally essential to the right of recovery. Thus far the proceed-

67

RUTLAND,
*February,*
1832.

Walker
*vs.*
Ferrin.

ings in relation to the note are to be regarded as mere matters *in pais,* material to the issue, and to be proved, as is admitted on all hands, by the only proper evidence, the record of those proceedings. The admissibility of this evidence is not contested by the defendant; but it is insisted, that, although this evidence establishes the fact that such a judgement was rendered, yet it is not even *prima facie* evidence of the correctness of that judgement, or of the existence of any state of facts which would warrant it. If it is conceded that the record was properly in evidence, and the fact of a failure to recover on the note, established by it, then the question raised in this case becomes simply a question, whether, in the absence of all proof in relation to the merits of the case then decided, the presumption is in favor of the judgement or against it? Or, in other words, whether there is any case, where the law makes a record evidence, but, at the same time, presumes it to be false.

The presumption of law is in favor, not only of the regularity, but also of the justice of all judicial proceedings; and if a contrary presumption were to prevail, the result would be, that every adjudication in favor of a claim, however often it might be repeated, would only furnish additional evidence that it was unfounded and false.

It is to be observed, however, that the charge of the court, in relation to the effect of this judgement, had reference to the fact, which appears in the case, that the defendant was not only notified of the former suit, but was present at the trial, and aiding in sustaining the action. If, on that occasion, he could not satisfy the court of the plaintiff's right of recovery, and if he offered in *this* case no evidence to show that he *should* have recovered, were not the jury warranted in finding, that the set off in that action was properly allowed? And were not the court justified in charging, that the judgement in the first action was *prima facie* correct? The defendant had his day in court to contest the set off, and, according to the decision in the case of *Warner & Co.* vs. *McGary,* decided by this Court, the present circuit, in Chittenden county,* the judgement might be held conclusive evidence against him, as to the merits of that suit.

As to the other point raised in the case, upon the ground that the account pleaded in offset was originally agreed to be applied to another note, between the same parties, it is sufficient to ob-

* See ante p. 507.

OF THE STATE OF VERMONT.

serve, that, by the sale of this last mentioned note, the party had disabled himself from performing that agreement, and had virtually rescinded it.

Judgement affirmed.