## LORENZO M. CARPENTER v. ORRIS PIER.

*Judgments of justices of the peace in another state.*

A judgment of a justice of the peace in the state of New York, acting within his jurisdiction, is conclusive in this state upon the parties and privies thereto, as to all the facts therein adjudicated.

P., residing in this state, sold to C., a resident of New York, the note of M., also a citizen of that state, and warranted it valid. C. subsequently brought a suit against M. before a justice of the peace, in the state of New York, upon the note, which M. claimed was without consideration, which suit finally resulted in a judgment upon the merits of the case against C. P. was notified by C. of the pendency of this suit, and requested to attend it, and was present at the time and place set for hearing, and procured C. to get it continued to enable P. to obtain testimony to sustain the validity of the note, but he afterwards refused to have anything to do with the suit. *Held*, in an action in favor of C. against P. upon his warranty of the note, that the latter was a privy to the suit between C. and M., and that the judgment was conclusive against him as to the facts therein adjudicated.

It is no ground of objection on the part of P. to the binding effect of such judgment, that the suit was commenced by the parties thereto voluntarily going before a justice of the peace, without previous process, and joining issue on the question in dispute between them; such a proceeding being in accordance with the laws of New York, and a judgment so rendered being, by those laws, as conclusive as though the suit had been commenced in the ordinary way.

By the laws of New York justices of the peace have jurisdiction only of causes of action that do not exceed one hundred dollars, but, when a plaintiff, having a claim exceeding that amount, waives the excess, a justice may render judgment for one hundred dollars. In this case, M.'s note exceeded one hundred dollars, but C. waived, before the justice, any claim for the excess. *Held*, that this fact did not relieve P. from the binding effect of the judgment.

ASSUMPSIT. Plea, the general issue, and trial by jury, at the November Term, 1856.

The plaintiff, who was a resident of New York, introduced evidence tending to prove that he sold a pair of horses to the defendant, a citizen of this state, and received as part of the consideration therefor, a note for one hundred dollars, not then due, signed by John Mace, a resident of New York, and payable to the defendant or bearer in stoves and castings, with interest; and that as part of the trade, the defendant agreed that Mace had no offset or defense to the note, and that it was a valid note and given upon

good consideration; that shortly afterwards Mace informed the plaintiff that said note was without consideration, and that he should not pay it; that shortly after the note became due, Mace still refusing to pay it, the plaintiff and Mace, at the suggestion of the former, went before Justinian Holden, Esq., a justice of the peace in New York, and joined issue upon said note, and the suit so commenced was continued to the 17th of November, 1849, for trial. Before the 17th of November, the plaintiff notified the defendant of the proceedings upon the note, and desired him to attend and sustain the case if he could. The defendant was present on the 17th of November at the place of trial, and at his request the plaintiff procured said cause continued to the 17th of of December, 1849, to enable the defendant to procure witnesses from Vermont to sustain the validity of said note.

After said cause had been continued, the defendant requested the plaintiff to discontinue the proceeding before the justice and commence an action upon said note, returnable to the county court, and proposed if he would do so, that he, the defendant, would pay the costs that had already accrued before the justice, and also assume the prosecution of the suit in the county court. This the plaintiff declined to do.

It did not appear that when the defendant left New York at this time, there was any expectation by the plaintiff that he would assume the prosecution of said suit, or do anything further about it, nor did the defendant furnish the plaintiff with the names of any witnesses, or any assistance to enable him to sustain the suit. On the 17th of December, 1849, the said issue was tried before Justice Holden, and Mace introduced witnesses to prove that the note was given upon a purchase by him of the defendant of a patent right which was wholly valueless. The justice rendered judgment in said issue for Mace, the defendant therein. The record of said proceedings and judgment were read in evidence in this case.

The plaintiff called Justice Holden as a witness, who testified that by the recent law of New York, called the Code of Procedure, it is competent for parties, without any previous process, to go before a justice of the peace and join issue, and that thereupon the cause proceeds before the justice in the same manner as if

Carpenter *v.* Pier.

commenced in the usual mode; that by the laws of New York justices have jurisdiction only of causes of action that do not exceed one hundred dollars, and can only render judgments for that amount, but that when a plaintiff, having a claim which exceeds one hundred dollars, waives his claim to recover the excess, a justice may legally retain jurisdiction and render judgment for one hundred dollars; that an appeal is given by law to the parties in suits before justices, and may be taken within thirty days after the rendition of the judgment, but that the judgment of the justice is conclusive upon the facts, and his judgments are only examined as to errors of law, and if none are found, the judgment is affirmed, and if the judgment is erroneous in point of law, it is quashed.

The plaintiff also introduced several witnesses to show that said patent right was wholly worthless.

The defendant then gave evidence tending to prove that at the time he let the plaintiff have said note against Mace, he did guaranty that Mace had not paid said note and had no offset thereto, but that it was expressly agreed that he was not under any other liability on account of said note or responsible for its validity. The defendant also called several witnesses whose evidence tended to prove that the invention secured by said patent was valuable and useful.

The plaintiff insisted and requested the court to charge the jury, that if the proceeding before Justice Holden was valid and legal according to the law of the state of New York, and the defendant had notice thereof, and an opportunity to produce his witnesses in said proceeding for the purpose of sustaining the validity of the note, the judgment therein was conclusive and binding upon the defendant, and that the question whether there was a valid defense to the note was not then open to be contested by the defendant.

But the court,—POLAND, J., presiding,—declined so to charge the jury, but did charge them, that the circumstances attending the proceeding in New York before the justice, the failure of the defendant to sustain the suit, and the fact that he made no attempt to procure a recovery therein, were proper evidence for them to consider against the defendant; but that the defendant was not bound and concluded by the judgment of the justice, and that the question was still open for the jury to determine upon all the cir-

cumstances attending said proceeding and the other evidence in the case, whether the note was sustained by a good consideration or not. To the refusal to charge as requested, and the charge as given, the plaintiff excepted.

*A. Peck* and *J. Maeck*, for the plaintiff.

I. The judgment of the justice in New York is conclusive upon the defendant, as to all the facts established by it ; because the defendant was liable to the plaintiff if the note was not valid, and had notice of the suit, and ample opportunity to attend and prosecute it. *Kip* v. *Brigham*, 6 Johns. 158 ; S. C., 7 Johns. 168 ; *Brewer* v. *Taylor*, 13 Vt. 631 ; *Tarleton* v. *Tarleton*, 4 Maule & S. 20 ; *Blasdale* v. *Babcock*, 1 Johns. 517 ; *Barney* v. *Dewey*, 13 Johns. 224 ; *Jacobs* v. *Peirce*, 2 Rawle 224 ; *Bender* v. *Fromberger*, 4 Dallas 436 ; *Leather* v. *Poultney*, 4 Binn. 352 ; 4 Phillips' Ev. (Cowen & Hill's notes) 5–174.

II. Pier cannot complain that Carpenter waived, before the justice, the excess of the note over one hundred dollars, because the loss of such excess will fall on Carpenter.

III. Carpenter having notified Pier of the suit on the note, and given him an opportunity to prosecute the suit and defeat Mace's defense, has done all the law requires of him to perfect his remedy against Pier ; and as Pier neglected to attend to the suit, or inform Carpenter of the evidence to sustain it, he is estopped from producing such evidence now, when it is too late to avail Carpenter in the suit against Mace. *Bender* v. *Fromberger*, 4 Dallas 436 ; *Weaver* v. *Mc Gary*, 4 Vt. 507 ; *Hayden* v. *Wilshire*, 3 Term 372 ; *Walker* v. *Ferrin*, 4 Vt. 523.

*Charles Russell*, for the defendant.

I. The proceedings before Justice Holden are not conclusive against the defendant.

Courts of justices of the peace in the state of New York, are not courts of record. *Younge* v. *Remer*, 4 Barb. 442. Such judgments do not come within the provisions of the constitution and laws of the United States, relative to the validity and effect of judgments of the courts of sister states. *Cole* v. *Driskell*, 1 Blackf. 16 ; *Collins* v. *Modessett*, 1 Blackf. 60 ; *Warren* v. *Flagg*, 2 Pick. 448 ; *Robinson* v. *Prescott*, 4 N. H. 450.

II. Mace's note exceeded one hundred dollars, and Justice Holden had no jurisdiction of the suit upon it, except by the consent of Carpenter to waive the excess. This, and the voluntary submission of the matter without any process to the justice, made the proceeding before him of the nature of an arbitration, and the result can bind no one except the parties thereto.

The opinion of the court was delivered by

ALDIS, J.   I. The first question in this case is, whether the judgment of a justice of the peace in the state of New York, acting within his jurisdiction, is to be received in this state as conclusive upon parties and privies thereto, as to all the facts adjudicated. The judgment was duly authenticated according to the act of congress. The evidence in the county court showed that the judgment in New York would be conclusive.

The 4th article, section 1st of the United States constitution, provides, that " full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state." Is a *justice's* judgment a judicial proceeding within the meaning of the article?

It was held in Massachusetts, in *Warren* v. *Flagg*, 2 Pick. 448, that the term "judicial proceedings" was intended to apply only to the proceedings of courts of general jurisdiction, and not to those of magistrates, or of other courts of inferior and limited jurisdiction.

It was so held in New Hampshire, in *Robinson* v. *Prescott*, 4 N. H. 450, and *Mahurin* v. *Bickford*, 6 N. H. 567.

In Connecticut (*Bissell* v. *Edwards*, 5 Day 363), the judgment of a justice, rendered in states where justices hold courts of record, was held to be within the constitution and the act of congress, passed in 1790, prescribing the mode in which such records should be authenticated.

In some of the other states (New York, 3 Wend. 263, 7 Wend. 435 ; Ohio, 5 Hamm. 545), it has been held, that the act of congress, prescribing the mode of authenticating judicial proceedings, does not apply to justices' judgments ; but that, when proved in the common law mode, they are entitled to " full faith and credit."

In this state the early decision of the supreme court, in *Inger-*

*soll* v. *Van Gilder*, 1 D. Chip. 59, adopted the doctrine, that such judgments were only "*prima facie* evidence of a debt." That decision was made in January, 1797. In 1830, in *Starkweather* v. *Loomis*, 2 Vt. 573, the decision in Chipman's reports was directly overruled. The court say, "that decision was made before the subject had undergone so much investigation in the several states as has occurred since that time. But when the subject came to be examined upon principle, and in connection with the statutes that give large jurisdiction to justices, this court felt constrained to decide, that though a justice has no clerk, yet, where the law requires him to keep records, he must be considered as his own clerk; and, if he has no seal, he may use a common seal, or may certify that he has no seal of office, as an excuse for omitting to attach one to his copies of record." This decision was referred to and confirmed in *Blodget* v. *Jordan*, 6 Vt. 580, and may be regarded as the settled law of this state.

The conclusive effect of a judgment as evidence, rests upon the authority of the court, upon its acting within its jurisdiction, upon its preserving its decisions in proper records, and upon the policy and necessity of determining by law the end of controversy. These reasons apply to the judgments of justices of the peace as well as to any others. The argument that, as justices have no clerks nor seals, and cannot authenticate records in the mode prescribed by the act of congress, therefo. : their judgments are not entitled to full faith and credit, seems to rest upon the manner in which the court is organized, and its inability to comply with a particular form of authenticating its records, rather than upon the broader and more solid ground of the authority and jurisdiction of the court, and the interest of the community that there should be an end to litigation.

The decision in the 2d Vt. does not extend beyond the judgments of justices "where the law requires them to keep records." In New York the justices are required by law to keep records. In *Hard* v. *Shipman*, 6 Barb. 621, PAIGE, J., says the judgment of a justice of the peace is as conclusive between the parties as the judgment of the highest court of record, and it is entitled to take its rank as a record.

The record of the justice was proved in the court below, and is

referred to as a part of the case. It is ample to show the questions that were litigated and the decision of the court.

II. But this defendant, Pier, is not a party to the record, and if bound by it, it must be because he was privy to the proceedings. This leads us to inquire whether Pier stood in such a relation to the suit tried by the justice as to be bound by the judgment.

It must be assumed, for the purposes of this hearing, that Pier warranted that the note was valid and given upon good consideration ; that Carpenter and Mace went before the justice by agreement and without antecedent process (as by the Code of Procedure in New York they had the right to do), and joined issue upon the note, Mace defending upon the ground that the note was without consideration and void; that Carpenter immediately notified Pier of the suit and the defense by Mace, and called upon him to sustain the suit; that Pier was present at the time and place set for trial, and, at his request, Carpenter procured a continuance to enable him to bring witnesses from Vermont to sustain the validity of the note ; that he afterwards refused to have anything to do with the suit, and that, upon a trial on the merits, Mace obtained a judgment of nonsuit against Carpenter.

If a person sell real or personal property with a warranty of title, and the purchaser finds upon suit brought, that the validity of the title is denied, he may notify his warrantor to maintain the title in the suit so brought; and if the warrantor, upon reasonable notice and with a fair opportunity to maintain his rights in the suit, neglects or refuses to do so, and a recovery is had against the title so warranted, such judgment, if obtained without fraud or collusion, will be conclusive evidence against the warrantor upon every fact established by it. This principle is of familiar application in warranties of real estate. *Brown* v. *Taylor*, 13 Vt. 631. It is claimed to extend to all cases where a party has, by express agreement or by operation of law, a right of recovery over against another, and notifies such other to appear and defend the suit. 6 Johns 158 ; 7 Johns 173 ; 4 Binn. 352; 4 Mass. 349 ; 4 Dallas 436 ; 13 Johns 226; 4 Maule & Sel. 20 ; 7 Cranch 322.

It is sufficient for the decision of this case that such is the rule of law, where one transfers to another a note and warrants it to be valid and given upon good consideration. The cases of *Warner*

v. *Mc Gary*, 4 Vt. 507, and of *Walker* v. *Ferrin*, 4 Vt. 523, though not directly deciding the question, as they finally turned upon other points, strongly indicate that the court intended to recognize such an application of the general principle.

In the first case, which was an action against the warrantor, Judge WILLIAMS says, "it was his duty to have furnished all the evidence in his power to enable the plaintiffs to maintain their suit. He was not at liberty to neglect or omit to procure this evidence, suffer the plaintiffs to fail of a recovery, and wait until he was sued on his warranty before he apprised the plaintiffs that such testimony could be found." To the same point are *Boorman* v. *Johnson*, 12 Wend. 446, and *Barney* v. *Dewey*, 13 Johns. 224. If the suit had been brought by Carpenter against Mace *in this state*, and the warranty and notice had been proved as stated in the exceptions, it is clear that Pier would have been a privy to it, so that the judgment would have concluded him from afterwards contesting the merits of the controversy. Without deciding that *mere notice* to appear and defend the suit in another state would give the foreign court such jurisdiction as would bind the warrantor by the judgment, we think that the further facts which appear, namely, that Pier was present at the time and place of trial, and procured a continuance of the case to enable him to bring witnesses to sustain the action, so make him privy to the suit that he was not at liberty after that to refuse to have any thing to do with the suit; but that he thereby became so subject to the jurisdiction and so a privy to the suit as to be concluded by the judgment. If there had been any fraud or collusion between Carpenter and Mace in in procuring the judgment, or any advantage taken by them in such proceedings to deprive Pier of fairly maintaining his rights in the suit, then he would not be concluded by the judgment. But nothing of this kind is stated in the bill of exceptions.

III. It is urged by the counsel for the defendant that the agreement of Carpenter and Mace to go before the justice and join issue upon the note, was in the nature of an arbitration; that the jurisdiction of the court was thus derived from the consent of the parties, and that Carpenter had no power to bind Pier to submit his rights to the decision of such a tribunal. The law which regulates and authorizes the proceedings in New York under the Code

of Procedure, as proved upon the trial, shows that what the parties did in this case was merely the institution of a suit, without previous process, in a court established by law, and was not in the nature of an arbitration. It resembles the beginning of a suit in this state by the defendant's accepting service of the writ. The proceedings in the justice's court were regultated by law, and the rights of the parties were preserved and protected the same as if the suit had been begun with the usual service of process. As Pier's rights could not have been impaired by this mode of proceeding we see no ground for relieving him from the legal effect of the judgment.

IV. The waiver by Carpenter of his claim to recover the amount of his note above the sum of one hundred dollars, and thus bringing the suit within a justice's jurisdiction, has also been urged as being such a departure from the ordinary course of legal proceedings as should have discharged Pier from all liability to appear in that suit. The case shows that by the laws of New York a plaintiff has the right to waive a recovery for a larger sum than one hundred dollars, and that when he does so, the justice has jurisdiction. If Pier's rights were impaired by such act of Carpenter, the judgment so recovered ought not to conclude him; but we do not perceive that he could have been thereby injured. The excess above the one hundred dollars which Carpenter waived, he must lose. He can only recover of Pier the amount of the judgment rendered by the justice. As to the tribunal by which the suit should be tried — whether by a justice or a higher court — we think Pier had not the right to determine it against the consent of Carpenter, so long as Carpenter was willing to lose the amount of his claim above the justice's jurisdiction. If a new suit had been brought in a higher court, Carpenter must have been the nominal plaintiff, and thereby liable in the first instance for the costs. He might well refuse to enter upon such litigation. On the other hand, Pier had it in his power, by paying Carpenter the amount of the note, to control the note and have it sued when and where he pleased.

The supreme court of this state has decided in *Danforth* v. *Streeter*, 28 Vt. 490, and in *Herren* v. *Campbell*, 19 Vt. 23, that a plaintiff may abandon a portion of his demand, may indorse a note

to an amount below one hundred dollars, for the *mere purpose* of bringing his suit before a justice; and that the defendant is not entitled to have the action dismissed in order that a new one may be brought in the county court. The defendant, in such a case, might insist upon a trial in a higher court for the same reasons that are here urged on behalf of this defendant.

The omission of the plaintiff to insist, till near the close of the trial, that the judgment was conclusive, and his introduction of testimony to show the note void, did not preclude him from making the request which he did in regard to the charge to the jury. The court was bound, whether requested or not, to charge the jury correctly as to the legal effect of the evidence.

We think the charge of the court erroneous in instructing the jury that the judgment of the justice in New York was under the evidence as offered and claimed by the plaintiff, merely *prima facie* evidence against the defendant, that the note was not given for a good consideration.

Judgment of the county court reversed.