DASKAM, Respondent, vs. ULLMAN and another, Appellants.

*September 24 — October 15, 1889.*

*(1) Assignment of note: Implied warranty. (2) Judgment: Conclusiveness inter alios: Tender of defense: Damages: Attorney's fees.*

1. Upon the sale of a promissory note for its face value there is an implied warranty that it has not been paid.
2. In a foreclosure suit by the assignee of notes and mortgages the defense was payment. The assignors knew of such defense and

agreed to meet it. They testified on the trial, furnished and paid other witnesses, and had the entire control of the case as to the issue of payment, but the defense prevailed and judgment for costs was rendered against the assignee. Afterwards the mortgagor brought an action against said assignee for the conversion of chattels which the latter had seized and sold under one of the mortgages. The defense of such action was tendered to and refused by the assignors, and the assignee defended, but judgment was rendered against him. *Held*, that the assignors were bound by both judgments, and were liable to the assignee for the amounts thereof paid by him, and also for reasonable attorney's fees paid by him in said actions.

APPEAL from the Circuit Court for *Winnebago* County.

In January, 1885, the plaintiff purchased from the defendants two promissory notes made by one Samuel Preston, paying therefor the full amount of the notes with interest to the date of purchase. He also took an assignment of a chattel mortgage and a mortgage of land which had been given to secure the notes. Immediately after the purchase he seized the mortgaged chattels and sold them, under authority given by the mortgage. In February, 1885, he commenced an action to foreclose the mortgage of land. The defendants in that action pleaded payment of the notes, and the plaintiff's assignors, being apprised of such defense, attempted to meet it, as is more fully stated in the opinion. The defense of payment prevailed, and judgment in that action was rendered against the plaintiff, dismissing the complaint with costs.

Immediately thereafter Preston brought an action against the plaintiff for the conversion of the property taken and sold under the chattel mortgage. The defense of such action was tendered to the assignors of the notes, but they declined to defend, and after a trial judgment was rendered in favor of Preston.

The plaintiff herein paid both of said judgments, and

afterwards brought this action against the assignors of the
notes and mortgages to recover the following amounts:

| | |
|---|---:|
| Amount of judgment in foreclosure suit | $122.72 |
| Attorney's fees | 50.00 |
| Interest on same, 3 years and 4 months | 40.00 |
| Amount of judgment in trover action | 345.94 |
| Attorney's fees | 60.00 |
| Interest on same, 2 years and 10 months | 80.53 |
| Paid for notes, over and above amount received on sales under chattel mortgage | 88.00 |
| Interest on same, 3 years | 18.48 |
| | $805.57 |

The interest in the above statement is computed to the
time of the trial. The court directed the jury to find for
the plaintiff for the sum of $805.57; and from the judg-
ment entered upon the verdict so found the defendants
appeal. Other facts are stated in the opinion.

*Gabe Bouck*, for the appellants.

*Thomas Lynch*, for the respondent.

COLE, C. J. Were the defendants concluded by the judg-
ment in the foreclosure case on the question as to the pay-
ment of the notes which they sold the plaintiff? It is not
denied that the defendants had sold these notes to the
plaintiff for all that appeared on their face to be due upon
them. This being so there was surely a warranty implied
in law that they had not been paid; for it is the settled law
in this state that, in the assignment of an instrument or
contract in writing, even not negotiable, for a full and fair
price, the assignor impliedly warrrants that it is valid, and
that the maker is liable upon it, unless it clearly appears
that the parties intended to the contrary. It is sufficient
to cite, in support of this proposition, the case of *Giffert v.
West*, 33 Wis. 617, where the question is elaborately con-
sidered, and this rule of law established.

Now, in respect to the defense which was set up by the

maker of the notes in the foreclosure action, these facts are clearly and conclusively established. The defendants knew of the commencement of that action, and that the defense of payment had been set up in the answer. They consulted with the attorney who brought the suit about this defense; said they would take care of it. They furnished all the witnesses on the trial of that issue, and paid them. They were themselves sworn, and made, doubtless, the best defense they could. Indeed it appears that they had the entire management and control of the case so far as the issue of payment was concerned. They did not employ other attorneys, doubtless, because they were satisfied with those who had charge of the case. But they had a full opportunity to be heard on the question of payment, and did actually defend and meet that issue. Presumably they made all the defense they could upon the issue, but the court found against them.

These facts present a very different case from that of *Saveland v. Green*, 36 Wis. 612, so strongly relied on by the learned counsel for the defendants. There the plaintiff stated in his complaint the proceedings had in the chamber of commerce between him and the charter party, and the action and award of the arbitrators, and averred that the defendant had due notice of each and every part of these proceedings and award. This court held that the averment of notice in the complaint failed to show that the defendant had any such notice of the proceedings before the board of arbitrators and of the award made by them as was required to render the judgment *inter alios* binding upon him. An averment of mere notice to the defendant of the pendency of the proceedings was insufficient, without further showing that the defendant had an opportunity to defend the suit or proceeding against his agent. The rule of law rests upon the obvious and solid ground that one not a party nor in privity with a party to an action

cannot be bound by a judgment unless he has not only due notice of the action but also an opportunity to defend and protect his rights involved. In this case the evidence shows that the defendants not only had the opportunity to be heard on the defense of payment, but that they were actually heard on that issue. They seem to have had the absolute control and management of the case so far as the issue of payment was concerned. We perceive no reason why, upon the facts, they should not be held concluded by the judgment in the foreclosure action. *Adams v. Filer*, 7 Wis. 306; *Robbins v. Chicago*, 4 Wall. 657; *Carpenter v. Pier*, 30 Vt. 81, are a few of the many cases which might be cited to sustain the view we have expressed.

As to the trover action, there is no controversy that the defense of that suit was not seasonably tendered the defendants, but the contention of their counsel is that the defense of the foreclosure action was not tendered them. But, as we have said, the evidence clearly shows that they were present as witnesses at the trial of that suit, subpœnaed witnesses and paid them, and had practically the full control of the cause on the issue of payment of the notes. It does not appear that they were dissatisfied with the attorneys having charge of the case, or that they were prevented from taking any steps in the litigation which they deemed necessary for the protection of their interests. We must therefore hold, upon the facts, that they are bound by the judgment therein.

This brings us to the question as to what items of expenses and costs the plaintiff is entitled to recover. Where a person sells real or personal property with an express or implied warranty of title, and the purchaser finds, upon suit brought, that the validity of his title is denied, he may notify his vendor to maintain the title in the suit so brought; and if a vendor, upon reasonable notice and with a fair opportunity to maintain his rights in the litigation, neglects

or refuses to do so, and a recovery is had against the title so warranted, such judgment, if fairly obtained, will be conclusive against the vendor upon every fact established by it. *Carpenter v. Pier*, 30 Vt. 81. It is plain the plaintiff is entitled to recover the amount of the judgments against him in both the foreclosure and trover suits. The plaintiff was clearly justified in attempting to collect the notes out of the real and personal property mortgaged for their payment. If it was not his strict duty to attempt such collection by legal means, he was well warranted in doing so, and should be made whole for the loss he thus incurred. *Delaware Bank v. Jarvis*, 20 N. Y. 226. It is not probable the plaintiff knew, when he brought the foreclosure suit, that the maker of the notes would prove they were paid. He resorted to the usual means to collect his debt, and failed through no fault of his. Nor do we think he was at fault in defending the trover suit. The defendants might have blamed him if he had not defended that suit. He is therefore entitled to recover the amount he paid on those judgments, with interest, as it appears he paid them soon after they were recovered. In the position in which he was placed by the fault of the defendants he was legally bound to pay these judgments and save his property from sale upon execution.

We likewise think he was entitled to recover the amount paid as attorney's fees in both suits, if they were reasonable, and it is not claimed they were not. He was certainly responsible for these fees, and he had incurred them by reason of the wrong-doing of the defendants. There is no ground in law or morals for denying him the right to recover them as a part of the expenses necessarily and properly incurred. *Anderson v. Sloane*, 72 Wis. 566; *Giffert v. West*, 33 Wis. 617; *Armstrong v. Percy*, 5 Wend. 535; *Dubois v. Hermance*, 56 N. Y. 673; *Coolidge v. Brigham*, 5 Met. 68; *Westfield v. Mayo*, 122 Mass. 100. In the latter

case it is said: " If a party is obliged to defend against the act of another against whom he has a remedy over, and defends solely and exclusively the act of such other party, and is compelled to defend no misfeasance of his own, he may notify such party of the pendency of the suit, and may call upon him to defend it; if he fails to defend, then, if liable over, he is liable not only for the amount of damages recovered but for all reasonable and necessary expenses incurred in such defense.  And this rule, while consistent with legal principles, is sanctioned by the highest equitable considerations." We adopt these views as a correct statement of the law upon the subject. We perceive no ground for distinction between the taxable costs and reasonable attorney's fees which the plaintiff was compelled to pay. Both are items of damages resulting from the wrongful acts of the defendants and their failure to perform their obligation. It is said the plaintiff should not have waited for the trover suit to be brought, and thus incur another bill of costs and further expense. But what was he to do? The trover suit was brought against him for conversion of the property covered by the chattel mortgage, and if he had let it go by default the defendants would have had ground to complain that he had not performed his duty. The defendants themselves might have prevented further litigation by settling the matter, and keeping their engagement. As the plaintiff was situated no other course was open to him but to defend the trover suit and reduce the damages recovered as far as he could. This duty he seems to have performed with no unnecessary expense. There is therefore no reason for holding that the plaintiff is precluded from recovering the costs and attorney's fees in both cases, as necessary expenses incurred by him in consequence of the wrong of the defendants. As was said by the Massachusetts court, this rule is consistent with legal principles, and is sanctioned by equity and good

conscience. Consequently we hold that the judgment recovered by the plaintiff, which included costs and reasonable attorney's fees, is correct, and must be affirmed.

*By the Court.*— It is so ordered.