WENDEL vs. NORTH.

*Covenant of title — Judgment of eviction.*

A covenantor of title is bound by a judgment of eviction against the person to whom the covenant has run, where such covenantor appeared and defended the action, or was duly notified to do so.

ERROR to the Circuit Court for *Fond du Lac* County.

In 1855, *North* conveyed certain land to one Hays, whose title passed by mesne conveyances to the plaintiff. In 1864, plaintiff was evicted from the premises by the judgment of the court in an action brought against him by one Eaton; and thereupon he brought this action upon the covenants in defendant's deed to Hays. The breach alleged is, that Eaton, on, etc., "did, with lawful process, enter on and evict the plaintiff," with averments as to damages. Mr. Baldwin, as a witness for plaintiff, testified that, as attorney for *Wendel*, he gave notice to *North* of the pendency of the action by Eaton against

the former, and requested him to employ Mr. Gillet to assist in the defense thereof; that *North* agreed to employ Mr. Gillet, and, at the trial, Gillet appeared and conducted the defense, as witness understood from him, for said *North*.   Mr. Gillet, for plaintiff, testified that, on the trial of the action by Eaton against *Wendel*, "a tax deed was introduced by said Eaton, as evidence of his title, given by the county of Brown to one H. E. Eastman, dated May 20, 1852, for the taxes of 1850, and recorded in Calumet county, August 4, 1854, being the same deed declared void by the supreme court [20 Wis. 449], and that there was other documentary evidence."

The court nonsuited the plaintiff; and he sued out his writ of error.

*Frederic Wendel*, plaintiff in error, in person.

*Gillet & Pier*, for defendant in error:

The nonsuit was right, because there was no allegation or proof in this action that the title on which Eaton recovered was paramount to that of *North*.   Plaintiff founds his claim solely upon the disseisin of the defendant by virtue of a tax deed declared by this court to be void.

COLE, J.   It is too clear for argument, that the defendant was concluded by the judgment in the case of Eaton against the plaintiff.   He not only had notice of the pendency of that action, and was requested to employ counsel to assist in the defense thereof, but his counsel did actually appear and defend for him.   And as the plaintiff was evicted under the judgment in that action, which he had defended, the judgment is conclusive upon him.   He must make good his remote vendee or covenantee, who has lost the land by reason of the paramount title.                    •

The intimation that it was necessary to allege and prove in this action that that title was paramount, when that question had been fully litigated in another suit, which the defendant had unsuccessfully aided in defending, is

certainly without support in reason or principle. The plaintiff's title was proven to be defective in that action: at all events, a recovery was had against him. And it is utterly immaterial, for the purposes of this action, upon what title Eaton recovered. He did recover, and the plaintiff was evicted; and the defendant, under the circumstances, was concluded by the judgment of eviction. These principles are elementary, and do not need the citation of authorities to support them.

The nonsuit was improperly granted.

*By the Court.* — Judgment reversed.