BERTHA ROEHL v. AUGUST ROEHL AND AUGUST KOEHN.

**Practice in Supreme Court.** Decree modified to correspond with the special findings of fact by the trial court.

APPEAL from the district court of Pierce county.    Heard below before TIFFANY, J.

*H. C. Brome,* for appellant August Koehn.

*J. H. Gurney* and *A. F. Wilgoski*, for appellee.

REESE, J.

This was an equitable action instituted by plaintiff (appellee) to set aside a conveyance made to appellant Koehn by plaintiff and her husband jointly.

The allegations of the pleadings may be briefly stated as follows :

It is alleged by plaintiff that on the 24th day of May, 1880, plaintiff and defendant August Roehl were married, and that they lived together as husband and wife until about the 27th day of August of the same year, when the husband became guilty of extreme cruelty toward plaintiff, and abandoned her. On that day, prior to the abandonment, he conveyed the land in dispute to defendant Koehn, without consideration, and that she joined in the execution of the deed. Her consent to the conveyance was obtained by the representation on the part of the husband that with the proceeds he would purchase other land, near the relatives of plaintiff, and they would live thereon ; but that in fact these representations were but a trick and device to procure the signature of plaintiff to the deed of conveyance, and that the only purpose and intent of defendant Roehl was to prevent plaintiff from obtaining satisfaction of any decree for alimony which she might thereafter obtain. That defendant Koehn knew at the time of the conveyance the purpose and intent of Roehl in making it. That in an action for a divorce and alimony subsequently instituted plaintiff had recovered a decree of divorce and alimony in the sum of one thousand dollars, which decree for alimony remains unsatisfied. Prayer that the deed be annulled and that the land conveyed thereby be made subject to plaintiff's decree for alimony.

The answer of Koehn denies the knowledge of any intent on the part of Roehl to defraud his wife, and alleges

that the purchase was made in good faith and for a valuable consideration.

A trial was had, which resulted in a decree in favor of plaintiff. Defendant appeals.

The findings and decree as furnished by the abstract are as follows:

"The court finds that on the 27th day of August, 1880, the said August Roehl and the plaintiff were husband and wife.

"That on said day the said Roehl, having previously determined to abandon his said wife, did, for the purpose of defrauding his said wife out of any rights she had or he might thereafter have to said land hereinafter described, sell and convey said land to the other defendant, and induced the plaintiff to join in the deed by representing to her and promising that he would use the money to buy another home near by; that he had no intention whatever of keeping said promise, but that plaintiff relied upon them, and was thereby induced to sign the deed.

"The court further finds that the evidence does not sustain the allegation that the defendant Koehn had notice of the fraud at the time of the deed to him, but the court finds that he had such notice after the payment of the first $150, and that the deed was fraudulent as to the defendant Roehl, and that the defendant Koehn had notice of such fraud before he paid any but the first $150.    *    *    *

"The court further finds that on the 26th day of April, 1883, a decree of divorce was duly rendered in this court in this cause, divorcing the plaintiff from the defendant Roehl, and giving her the care and custody of the minor child of said defendant and plaintiff; a judgment and order in said cause against the said defendant Roehl, that he pay to her as alimony the sum of one thousand dollars, to be paid as follows, to-wit: $300 on the 26th day of October, 1883, three hundred dollars on the 25th day of October, 1884, and four hundred dollars on the 25th day of October,

1885, and twenty-five dollars attorney's fees. That the said defendants appealed said cause to the supreme court of the state of Nebraska, and said judgment was in said court at the January term, 1884, duly affirmed, and that the said judgment is wholly unpaid, and that the said August Roehl has no property out of which the same can be paid.

"It is therefore ordered, adjudged, and decreed that the land in question, to-wit: The s ½ of the s-w ¼ and n-w ¼ of the s-w ¼ of section No. 27, and the n-e ¼ of the s-e ¼ of section No. 28, all in township No. 25 north, of range 1 west of the 6th P. M., being the land hereinbefore referred to, be sold to satisfy said judgment, said sale to be subject to the lien hereinafter mentioned, and that if the said defendant shall fail to comply with the judgment and order heretofore rendered within thirty days from this date, that an order of sale issue for the sale of said property as upon execution. It is further ordered, adjudged, and decreed that the said defendant August Koehn have a first lien upon said land for the repayment to him of the first $150 paid by him to the other defendant for said land.

"It is further ordered that the costs of this suit, made since the affirmance of this decree of divorce in the supreme court, be taxed against both of said defendants.

The testimony showed that the land in question was conveyed to defendant Roehl by his parents, who retained possession of a part of the dwelling house; and that the consideration was an agreement for their maintenance. This encumbrance was on the land at the time of the conveyance to Koehn; and as plaintiff was fully aware that the consideration which was named in the deed to Koehn, and which she supposed he was to pay, in addition to carrying out the contract made between Roehl and his parents, was five hundred dollars, to which she assented, we cannot see that she should be allowed to require Koehn to pay more than he agreed to pay, so long as he acted in good faith.

The finding of the court that " the evidence does not sustain the allegation that defendant Koehn had notice of the fraud at the time of the deed to him" must be taken as equivalent to a finding that he had no such notice until after the execution of the deed and the payment of the first $150. This being true, it would seem clear that to that extent he should be protected. It would follow that the decree was to that extent erroneous. The decree must therefore be modified to the extent that plaintiff have a lien on the real estate as against Koehn for the sum of $350, the amount fraudulently paid to Roehl after full notice of the rights of plaintiff, but for no more.

The decision of the district court will be reversed and a decree entered in this court in accordance with the above; and that unless the said sum of $350 is paid into court within six months from this date, an order of sale issue for the sale of the real estate described in the petition, for the satisfaction thereof.

DECREE ACCORDINGLY.

THE other judges concur.