MISSOURI PACIFIC RAILWAY COMPANY V. EDWIN TWISS
ET AL.

[FILED SEPTEMBER 28, 1892.]

1. **Common Carriers:** CONNECTING LINES: AGENCY.    Where
   several common carriers unite to form a line for the transporta-
   tion of merchandise and receive goods and give a through bill of
   lading, each carrier becomes the agent of the others to carry into
   effect the transportation and delivery of the property.

2. ———: RECOVERY FOR ANOTHER'S NEGLIGENCE: ULTIMATE.
   LIABILITY: EVIDENCE.  The testimony tends to show that the
   property in question, a piano, was injured through the negli-
   gence of the defendants and no one else; that they had at-
   tempted to settle the damages caused thereby both before and
   after suit was brought; that they were witnesses in two trials to
   recover such damages, and must have known that they were
   ultimately responsible for the same.

3. ———: ———: NOTICE TO PARTY ULTIMATELY LIABLE: EF-
   FECT OF JUDGMENT.   In such case knowledge of the pendency
   of the suit and its object, and that if a recovery was had it
   would be for the default of the defendants and no one else, is
   sufficient to impose upon the defendants the duty of making
   any defense they may have to the action, and in case they fail
   to do so the judgment will be conclusive against them as to the
   amount of the judgment.

4. ———: ———: ———: ———: MEASURE OF DAMAGES.   The
   measure of damages is the amount of the judgment, interest
   thereon, and taxable costs.

ERROR to the district court for Cass county. Tried be-
low before CHAPMAN, J.

*B. P. Waggener,* and *A. N. Sullivan,* for plaintiff in error:

Where several carriers unite to complete a line of trans-
portation and receive goods for freight and give a through
bill of lading, each carrier is the agent of all the others to
accomplish the carriage and delivery of the goods, and is
liable for any damage to them, on whatever part of the line

the damage is received. (*Texas & P. R. Co. v. Fort*, 9 Am. & Eng. R. R. Cases, 392; *Texas & P. R. Co. v. Ferguson*, 9 Id., 395.) Where receiving carrier has to pay damages for neglect of connecting line, it has a right of action against the carrier at fault. (*C. & N. W. R. Co. v. N. L. Packet Co.*, 70 Ill., 217.) And in the latter case the measure of damages is the amount recovered in the first action, where the carrier at fault has knowledge of its pendency. (*C. & N. W. R. Co. v. N. L. Packet Co., supra; Littleton v. Richardson*, 34 N. H., 179; *Veazie v. R. R.*, 49 Me., 119; *Portland v. Richardson*, 54 Id., 46; *Seneca Falls v. Zalinski*, 8 Hun [N. Y.], 571; *Robbins v. Chicago*, 4 Wall. [U. S.], 657; *Boston v. Worthington*, 10 Gray [Mass.], 496.)

*Beeson & Root, contra.*

MAXWELL, CH. J.

It is alleged in the petition, in substance, that during the month of October, 1886, the defendants were common carriers of goods and merchandise from the plaintiff's depot in Louisville, Nebraska, to the depot of the C., B. & Q. R. R., in said village, about the distance of one mile; that on the 11th day of that month one J. P. Young shipped a piano from Weeping Water on the line of plaintiff's railroad to be carried to Louisville and there delivered to the C., B. & Q. R. R., to be transported on the latter road to Plattsmouth; that the defendants received freight in less than car load lots from the plaintiff at its depot in Louisville to be by them carried to and delivered to the C., B. & Q. R. R. at its depot there; that they were in fact an intermediate transportation company; that the plaintiff fully performed all the conditions of said contract on its part and delivered said piano in good condition to the defendants at Louisville, to be transported by them to the depot of the C., B. & Q. R.

R. at that place to be forwarded to Plattsmouth; that the defendants so negligently performed their duty in transferring said piano as to permit the same to fall out of the vehicle on which it was being carried and it was thereby broken and damaged; that said Young thereupon brought suit against the plaintiff for said injuries and recovered a judgment against plaintiff for the sum of $150 and costs of suit taxed at $63.05; that said judgment was affirmed by the supreme court; that of all said suits and proceedings the defendants had due notice; that there is due from the defendants to the plaintiff the sum of $302.48, with interest from the 4th day of April, 1889.

The answer of the defendants consists of a number of specific denials, which need not be noticed.

On the trial of the cause the jury returned a verdict in favor of the plaintiff for the sum of $106.75, upon which judgment was rendered.

The testimony shows that the plaintiff, in connection with other common carriers, undertook to carry the piano beyond its own line and deliver the same to Young; in other words, several common carriers in effect formed a line for the transportation of the property beyond the limits of their respective lines and gave in this case a through bill of lading. In such case each carrier is the agent of the others to accomplish the carriage and delivery of the goods. (*R. Co. v. Campbell*, 36 O. St., 647; *Beard v. St. L. & A. T. H. Ry. Co.*, 44 N.W. Rep. [Ia.], 803; *A., T. & S. F. R. Co. v. Roach*, 35 Kan., 740; *K. C., St. J. & C. B. R. Co. v. Rodebaugh*, 38 Id., 49; *Tex. & P. R. Co. v. Fort*, 9 Am. & Eng. R. R. Cases [Tex.], 392.)

That the piano was injured by the negligence of the defendants is not denied, and is clearly shown by the proof. In such case the party sustaining the injury may bring his action directly against the carrier committing the injury, or against the one that undertook to transport the goods. (*A., T. & S. F. R. Co. v. Roach, supra; U. P. Ry. v.*

*Marston*, 30 Neb., 241.) As between the carriers, however, each one is liable for the result of its own negligence, and although the first carrier may have assumed the responsibility for the transportation of property beyond its own line, and damages may be recovered against it for a failure in that regard, yet the carrier causing the injury will be liable to it for such damages; in other words, the party guilty of the wrong is ultimately liable therefor. This doctrine, in another form, has frequently been applied where a covenantee has been evicted from possession by paramount title. (*Smith v. Compton*, 3 B. & Ad. [Eng.], 407; *Williamson v. Williamson*, 71 Me., 442; *Bever v. North*, 107 Ind., 544; *St. Louis v. Bissell*, 46 Mo., 157; *Wendel v. North*, 24 Wis., 223; *Mason v. Kellogg*, 38 Mich., 132; 2 Black on Judgments, sec. 567.)

In *Bever v. North, supra*, it was held that it was unnecessary to allege in the petition that the covenantor was required to defend. It was held that the covenantee need not appeal from the judgment of ouster, but might rely on his judgment. In this class of cases it is necessary to give notice to the covenantor in order that the judgment may be conclusive against him, and he should not only be notified of the action, and be requested to defend it, but if he desires should be allowed to do so to the utmost extent of the law. (*Eaton v. Lyman*, 26 Wis., 61.)

The above rules have been applied to cases where persons are responsible over to another either by express contract or operation of law. Thus, where damages were recovered against a sheriff for the escape of a prisoner caused by its failure to provide a jail, and he in turn sued the county for its neglect in that regard, it was held that the record of the judgment against the sheriff might be received in evidence against the county to show the amount he was compelled to pay. (*Coms. v. Butt*, 2 O., 348.) So, where a judgment has been recovered against a municipal corporation for injuries caused by an obstruction or defect

in the public road or street of which the wrong-doer has notice, is conclusive evidence of the obstruction or defect in the road or street, the injury to the individual, and the amount of damages. (*Milford v. Holbrook*, 9 Allen [Mass.], 17; *Boston v. Worthington*, 10 Gray [Mass.], 498; *Davis v. Smith*, 79 Me., 351; *Littleton v. Richardson*, 34 N. H., 187; *Robbins v. Chicago*, 4 Wall. [U. S.], 657.)

Where the action is brought against a municipality for a wrong committed by a third person by reason of which the municipality is liable and judgment is recovered against it, it has been held in a number of cases that it was sufficient if the wrong-doer knew that the suit was pending for that cause and he could have made his defense if he so desired. It is said in one case: "The legal presumption is that he knew he was answerable over to the corporation, and if so, it must also be presumed that he knew he had a right to defend the suit." (*Robbins v. Chicago*, 4 Wall., 657; *Chicago v. Robbins*, 2 Black [U. S.], 418.) In other words, where the wrong for which the city was sued was committed by the defendant alone, and if a judgment is recovered against it, it will be because of such wrong. The knowledge of the wrong-doer that an action is pending to recover for the injury is sufficient notice to him to justify his action, and if possible prevent a recovery, and that if judgment is recovered he will ultimately be liable.

In the case at bar the defendant Twiss was called as a witness in both the county and district courts. He recognized his liability for the damages, both before and after suit was brought, by endeavoring to effect a settlement of the same. It is true the proof fails to show an actual request to defend the action, but as he and his partner had committed the injury, they must have known they were ultimately liable for the same, and the plaintiff had an action over against them. Having this knowledge, it was their duty to defend the action if such defense they had. There is a material difference between a case like the one

at bar and one where an action is brought by a covenantee against his covenantor. There the nature of the covenant claimed to have been broken, as well as the existence of the covenant itself, may be in issue, as well as the claim of the plaintiff. So if an action is brought against a municipality for an injury from a defective sidewalk which it was the duty of the lot-owner to maintain in good repair, notice may be required because the lot-owner may be presumed to have no knowledge of the injury, or that it occurred on his premises, or even that the sidewalk was defective. Where, however, the party knows that the injury was caused by himself and no one else, and that if a recovery is had it will be because of his neglect and wrong, it is sufficient that he has knowledge of the pendency of the suit and could defend if he so desired. (*Chicago v. Robbins*, 2 Black [U. S.], 418; *Robbins v. Chicago*, 4 Wall. [U. S.], 657, 672.)

The case was tried upon the theory that the defendants were not bound by the amount of the judgment, and the instructions are based on that view of the law. The measure of damages which the plaintiff is entitled to recover is the amount of the judgment against it with interest and costs. (*Ottumwa v. Parks*, 43 Ia., 119.) The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.