BENEDICKT FISCHER et al., Respondents, *v.* BERTHOLD BLANK, Appellant.

The General Term of the Supreme Court, upon motion for a new trial under the Code of Civil Procedure (§ 1001), after entry of an interlocutory judgment directed by a decision or report rendered upon trial of an issue of fact by the court or a referee, where the sole error complained of and established is the allowance of greater relief than the successful party is entitled to, is not bound to grant the motion, but may deny it and direct a modification of the judgment so that it grant the proper measure of relief, and affirm it as modified.

Whatever jurisdiction the Supreme Court possesses in this regard, this court may exercise on appeal from the General Term decision, and whatever order that court ought to have made, this court may direct to be made.

(Argued June 9, 1893; decided June 27, 1893.)

THIS was a motion to recall and amend the remittitur herein. The case is reported *ante*, page 244.

The following is the opinion :

" Upon the decision of this appeal we held that the trial court had erroneously granted a greater measure of relief than the findings or pleadings would permit, and we, therefore, directed the interlocutory judgment to be modified by restricting the recovery within proper limits, and no other error appearing, the judgment, as thus modified, was affirmed.

" As the case came here upon an appeal from an order of the General Term denying a motion for a new trial under section 1001 of the Code, the appellant insists that this disposition of his appeal was unauthorized, and that this court had no jurisdiction to direct an amendment of the judgment, but was required upon the discovery of an error of law to reverse the order of the General Term and grant a new trial, and he now moves to recall the remittitur and amend it accordingly. Whatever jurisdiction the Supreme Court possessed in the premises this court could exercise, and whatever order that court ought to have made we have the power to direct to be entered. But the point of the appellant's argument is that the General Term was destitute of authority to modify the judgment so as to cure the manifest error in the record, and thereupon deny the motion for a new trial.

" We cannot assent to this view of the powers of the court below. It has general jurisdiction, and upon the review of the proceedings upon a trial had therein without a jury, where the sole error appearing consists in the allowance of greater relief than the successful party is entitled to upon the facts found, it may correct the judgment and make it conform to the findings, unless there is some statute expressly limiting its power in this respect. Section 1001 contains no limitation of this kind, and there is no provision of the Code that we can find which, either in terms or by necessary implication, prohibits such a procedure. We are referred to section 1317, which authorizes the General Term upon an appeal from a judgment or an order to modify the judgment or order appealed from, and it is argued that the fair inference from this express grant of power is that without it the authority

to modify would not exist, and as it is there limited to appeals from judgments, it cannot be extended to cases where the rightfulness of the judgment is brought under review by a motion for a new trial, as it is under section 1001. But so far as it affects the jurisdiction of the Supreme Court, section 1317 is not an enabling act, but simply declaratory of the power which the court has always possessed, whenever it has been invested with a general authority to review its own judgments entered upon a trial without a jury either before the court or a referee.

" The appellant is not aggrieved by the adoption of the practice. All that he can justly demand is the correction of any error of law appearing in the record to which he has duly excepted ; and where the error does not consist of any prejudicial ruling during the course of the trial, but only appears in the conclusions of law which lead to an excessive recovery, it is the duty of the General Term to direct the correct judgment to be entered, and a new trial cannot be demanded as a matter of right. It is claimed that the appellant has not yet had a review of the interlocutory judgment upon the facts, and that when final judgment is entered he may, if he deems himself aggrieved, appeal therefrom to the General Term, and again bring up for review the interlocutory judgment under section 1316, and so possibly secure a reversal upon the facts, and thus the anomaly would be presented of the Supreme Court reversing a judgment which this court had directed to be entered. Whether such a result may happen, or whether the defendant, by electing to review the interlocutory judgment under section 1001, has not precluded himself from a further review thereof upon an appeal from the final judgment, if one should be taken, we are not now required to determine. That question is not involved in this motion, and the possibilities which it suggests cannot, therefore, be here considered.

" There may have been a technical inaccuracy in the form of the remittitur sent down in this case. It should have stated that the order of the General Term was modified by inserting therein a direction to modify the judgment in accordance with the views expressed in the opinion of this court, and that as

so modified the order was affirmed, without costs to either party in this court. But as the variance is one of form and not of substance, it is not necessary to recall the record for the purpose of amending it in this respect.

"The motion must be denied, with ten dollars costs."

*Charles Goldzier* for motion.

*Rowland Cox* opposed.

*Per Curiam* opinion for denial of motion.
All concur.
Motion denied.