GOLDBERG et al. v. SISSETON LOAN & TITLE CO. et al.

Plaintiff bought land relying on an abstract, which failed to show a certain lien. The lien being asserted, plaintiff notified the abstract company and the sureties on its bond of his claim that they were liable for loss to him from the lien, and at their request he instituted an injunction suit to test the validity of the lien, and he gave them every opportunity, and requested them, to take charge of the litigation, and one of them, an attorney, sat with and advised plaintiff's attorney in that action. **Held,** that the judgment against plaintiff in that action was conclusive against defendants of the validity of the lien.

Under Pol. Code, § 3197, requiring abstractors of title to give bond conditioned for payment of any damages that may accrue to any party through any error or deficiency in an abstract issued by them, they are liable to a purchaser of property who relies on their erroneous abstract, without regard to who paid for, or ordered, the abstract.

On appeal from a judgment which brings up the judgment roll, the sufficiency of the findings to support the judgment, though not questioned below, will, on a proper assignment of error, be considered.

Sureties on the bond of an abstractor of title required by Pol. Code § 3197, are not liable for damages from a defective abstract issued before they became sureties.

It clearly appearing, on appeal from judgment against all the defendants, that all but one of them was not liable, a new trial is not necessary; but the judgment will be reversed as to them, with direction to the trial court to modify its judgment by striking out their names, and correcting its conclusions of law, by limiting them to the remaining defendant.

Though objection that the complaint does not state a cause of action may be made for the first time on appeal from the judgment, it cannot be considered in the absence of a proper assignment of error.

It is not error to overrule an objection to reception of evidence which does not specifically state the ground of objection.

To make it error to overrule a motion to direct a verdict the motion should contain the specific ground therefor.

All the defendants having appeared by joint answer and taken a joint appeal, no costs will be allowed on reversal as to certain defendants and affirmance as to others.

(Opinion filed, Oct. 12, 1909.)

Appeal from Circuit Court, Roberts County.    Hon. J. H. McCoy, Judge.

Action by Gilbert Goldberg and another against the Sisseton Loan & Title Company and others.  Judgment for plaintiffs.  Defendants appeal.  Reversed in part, and affirmed in part.

*Howard Babcock* and *Bouck & McCarthy,* for appellants.

Judgments and decrees are conclusive only as between parties and privies to the ligitation.  Grace v. Ballou, 4 S. D. 333; Black on Judgments, Vol. 2, § 534.

To bind a party by a judgment through a nominal plaintiff such must have control of the litigation and be in position at least to present any and all matters of law and fact to the court that would in any way aid it in establishing the correctness of his position.  In Turner Township v. Williams, 17 S. D. 548.

It is not sufficient to estop a party by a judgment that he employed an attorney who appeared for the defendant of record, and appeared as a witness for the defendant. Schroeder v. Lahrman, 1 N. W. 810; Central Baptist Church v. Manchester, 17 R. I. 492.

Section 3107 requires an abstracter to furnish a bond. Section 3198 makes it the duty of such abstracter to furnish an abstract upon request of any · party upon payment of the fees therefor.

There was no contractual relation between the defendant, Sisseton Loan & Title Company and the plaintiffs, hence there could be no legal liability of the defendants or any of them upon the bond. National Savings Bank v. Ward, 100 U. S. 165; Mallory v. Ferguson, 50 Kan. 685.

*Frank McNulty,* for respondents.

One who is not a party defendant on the record in an action but who participates in the defense and has an interest in the matter in controversy in the action and participates in the defense for the protection of such interest and where it is known to the defendant that such party so participates for the protection of his own interest, is bound by the decree rendered in the action. Bond v. Wallace, 84 N. W. 760; Carpenter v. Carpenter, 99 N. W. 395; Knickerbocker v. Wilcox, 47 N. W. 123; Walton v. Campbell, 71 N. W. 737; Chicago v. Robbins, 67 U. S. 418; Robbins v. City of Chicago, 71 U. S. 657; Washington Gas Light Co. v. District of Columbia, 161 U. S. 316; Faith v. Atlanta, 78 Ga. 775; Todd v. Chicago, 18 Ill. App. 565; McNaughton v. Elkhart, 85 Ind. 384; Milford v. Holbrook, 91 Mass. 17; Brooklyn v. Brooklyn C. R. Co., 47 N. Y. 475.

The contract of the abstracter is one of indemnity against loss occasioned by the inaccuracy of its abstract and the indemnifiers are bound by the findings and judgments in the case which determine the loss against which they had given indemnity. Jones on Evidence, § 610; Robins v. Chicago, 4 Wall. 657.

A person who makes an abstract for one party to a transaction which he knows will be used, and which in fact is used, to influence the action of the other party thereto, is liable to such other party. 1 Am. & Eng. Ency. of Law, 221; Dickel v. Nashville Ab. Co., 89 Tenn 431.

Where the abstracter has notice that the abstract is procured for a particular person or use, he will be held liable to such person for damages caused by his negligence or omission in the examination of the records. Denton v. Nashville Title Co., 79 S. W. 799; Dickel v. Nashville Ab. Co., 14 S. W. 896; Economy Bank & Loan Association v. W. Jersey T. & G. Co., 44 Atl. 854; Western L. & S. Co. v. Silver Bow Ab. Co., 78 Pac. 774.

CORSON, J. This case comes before us on an appeal by the defendants from a judgment in favor of the plaintiffs, and from the order denying a new trial. The pleadings, findings, and specifications of errors are very voluminous, and the material points involved in the case will sufficiently appear from a summary of the facts.

It is disclosed by the record that the defendant the Sisseton Loan & Title Company is a corporation, and the other three defendants were officers of the corporation and sureties on a bond executed by the corporation, as required by law. The plaintiffs, in July, 1904, were negotiating for the purchase of a quarter section of land in Roberts county, from Carl Lackness and Bardinas Lackness, and applied to the defendant corporation for an abstract of title to the said land. The abstract was furnished and delivered to the plaintiff, and the plaintiffs, relying thereon, concluded their negotiations and closed the deal for the land, making full payment therefor. It is further disclosed by the record: That, prior to the application of the plaintiffs for said abstract of title, one Theo. Starks had commenced an action against Carl and Bardinas Lackness to recover an indebtedness claimed to be due him from them; that a warrant of attachment was issued and the said land attached under said warrant; that on the 27th day of February, 1905, a judgment was duly rendered in favor of the plaintiff Starks, execution issued upon the same, and the real estate was advertised to be sold under and by virtue of said judgment; that on July 13, 1904, when said warrant of attachment was issued, the said Stark by his attorney duly filed a notice of lis pendens in the office of the register of deeds in and for said county, reciting that a warrant of attachment was issued against the property of the said Carl and Bardinas Lackness; that under said at-

tachment a levy had been made upon the said real estate belonging to Bardinas Lackness; that plaintiffs had no notice or knowledge that said notice of lis pendens upon the above-described land had been filed, and relied upon said abstract of title in which the notice, of lis pendens was omitted by the said defendant corporation; that the plaintiffs had been compelled, in order to protect their said property, to pay the amount of said judgment and costs, being $491.21. It is further disclosed by the record that, prior to the payment of said judgment by the plaintiffs, they notified the defendant corporation and two of the sureties upon its bond, the defendants herein, of the existence of said judgment, and were advised by the defendants, except Rickert, to institute a suit to vacate and cancel said notice of lis pendens, and enjoin the plaintiff Starks from enforcing his said judgment against the property so purchased by the plaintiffs; that a trial was held in said action resulting in a judgment in favor of the said Starks; that upon the request of the said defendants these plaintiffs moved for a new trial in that action, which was denied by the court, and thereupon these plaintiffs offered to appeal the same to the Supreme Court if the defendants deemed it advisable so to do but that defendants, except Rickert, declined to advise such an appeal, and therefor no appeal was taken. It is further disclosed by the record that the plaintiffs in the prosecution of said action, incurred an expense of $250, including costs and attorney's fees, and the plaintiffs pray for judgment in this action for the sum of $741.21, with the costs of suit.

The court in its eleventh finding of fact finds as follows: "That the defendant Sisseton Loan and Title Company carelessly and negligently failed to include in said abstract of title a description of said notice of lis pendens, or any part thereof, or any reference to said notice of lis pendens or action or warrant of attachment levied upon, or about to be levied upon, the above-described premises." The court in its fifteenth finding finds as follows: "That thereupon plaintiffs did notify and tell said defendant Sisseton Loan & Title Company that said Starks and Minder had seized the above-described premises, and were threatening to and were about to sell said premises to satisfy said judgment

against said Lackness, and plaintiffs thereupon requested and demanded that said defendant Sisseton Loan & Title Company protect plaintiffs against said threatened sale and any expense or damage resulting therefrom. The said defendant thereupon requested plaintiffs to bring action in the circuit court of Roberts county for an injunction to prevent said threatened sale, to test the validity of said alleged lien upon said land." And the court finds, in effect, in its sixteenth finding, that the plaintiffs did proceed as requested and instituted said action, which resulted in a decision adverse to the plaintiffs. The court in its twenty-first finding finds as follows: "That thereafter plaintiffs duly demanded that defendants pay to plaintiffs the said sums so paid by plaintiffs to protect said lands from said lien and judgment, which demand was refused by defendants." And the court in its twenty-second finding finds as follows: "That the allegations of plaintiff's complaint are true, and that the allegations of defendant's answer are not true." And, based upon the foregoing findings of fact, the court makes the following conclusions of law: "That the plaintiffs are entitled to judgment against the defendants and each of them for the sum of $691.20, with interest thereon at 7 per cent. from May 18, 1906, together with the costs and disbursements of this action."

On the trial the plaintiffs offered in evidence the judgment roll in the case of the present plaintiffs against Theo. Starks, instituted to vacate and set aside the lis pendens therein, and to enjoin the collection of the judgment in that case. The admission of this judgment roll was objected to on several grounds, and, among others, on the ground that the defendants in this action were not parties to that action, and did not occupy the position of privies, and were not therefore bound or concluded by the judgment. The objections were overruled, and the defendants excepted, and they now contend that, in admitting the judgment roll in evidence in this case, the court committed error, for which they are entitled to a reversal of the judgment. While it is a general rule that judgments and decrees are conclusive only as between the parties and privies to the litigation, the term "parties" has been held to include all who are directly interested in the subject-

matter, and who have a right to make defense, control the pro-
ceedings, examine and cross-examine witnesses, and appeal from
the judgment. In Robbins v. Chicago City, 4 Wall. 657, 18 L.
Ed. 427, the Supreme Court of the United States held that:
"Parties having notice of the pendency of a suit in which they are
directly interested must exercise reasonable diligence in protect-
ing their interests." And that "the term 'parties,' as thus used, in-
cludes all who are directly interested in the subject-matter, and
who had a right to make defense, control the proceedings, ex-
amine and cross-examine witnesses, and appeal from the judg-
ment." And this seems to be the view of the courts as appears
in the following cases: Rowell v. Smith, 123 Wis. 510, 102 N.
W. 1; Missouri Pacific R. R. Company v. Twiss, 35 Neb. 267,
53 N. W. 76, 37 Am. St. Rep. 437; Giblin v. N. W. Lumber Co.,
131 Wis. 261, 111 N. W. 499; Patterson v. Cappon, 129 Wis.
439, 109 N. W. 103; Chicago v. Robbins, 67 U. S. 418, 17 L. Ed.
298; City of Lincoln v. First Nat. Bank, 67 Neb. 401, 93 N. W.
698, 60 L. R. A. 923; Faith v. Atlanta, 78 Ga. 779, 4 S. E. 3;
Todd v. Chicago, 18 Ill. App. 565; McNaughton v. Elkhart, 85
Ind. 384; Milford v. Holbrook, 9 Allen (Mass.) 17, 85 Am. Dec.
735; Brooklyn v. Brooklyn C. R. Co., 47 N. Y. 475; Joy v. Elton,
9 N. D. 428, 83 N. W. 875.

In the case of Rowell v. Smith, supra, the learned Supreme
Court of Wisconsin, in discussing an analogous case to the one at
bar, in a well-considered and exhaustive opinion, holds: "Where
a person not a party to an action will be liable to another who is
a party if the latter's claim or defsense shall fail, and such person
has notice of the action and opportunity to participate therein
in defense or maintenance of his position, he will be bound by the
result the same as if he were a party to such action.' And in
its opinion the court says: "The parties are not the same now
as before; but the respondent is the personal representative of
Smith, and as such a privy as regards the former suit, while the
plaintiff now was, in the main, the party interested then, and is
bound by the same as if he were a party to the record. The action
was prosecuted in his interest. He had notice thereof, an oppor-
tunity to participate therein, and embrace it. As between him and

his assignee of the note, in whose name the suit was brought, the result here was conclusive, the same as between such assignee and the defendant. In such circumstances, for all purposes of the doctrine of res adjudicata he was a party to the suit. Saveland v. Green, 36 Wis. 612; Daskam v. Ullman et al., 74 Wis 474-477, 43 N. W. 321; Carroll v. Fethers, 82 Wis. 67-72, 51 N. W. 1128; Grafton v. Hinkley et al., 111 Wis. 46-54, 86 N. W. 859."

In Missouri Pac. R. R. Co. v. Twiss et al, supra., the learned Supreme Court of Nebraska held in an analogous case that: " * * * * Knowledge of the pendency of the suit and its object, and that if a recovery was had it would be for the default of the defendants and no one else, is sufficient to impose upon the defendants the duty of making any defense they may have to the action, and, in case they fail to do so, the judgment will be conclusive against them as to the amount of the judgment." And in its opinion the court, after discussing a number of cases holding the rule as stated in the headnote, says: "The above rules have been applied to cases where persons are responsible over to another either by express contract or operation of law."

The rule as thus stated is calculated to prevent unnecessary litigation by practically a retrial of the action, in which persons, though not nominally parties to the action, are interested in the result and have an opportunity in the one action to protect themselves, and to bring before the court in the one action all defenses that might be made in the second action, and thus prevent unnecessary litigation. In such cases the definition of the word "parties," as given by the Supreme Court of the United States in Robbins v. City of Chicago, supra, holding that it includes not only persons actually named as parties, but persons interested in the action and who have notice of the same, is properly applicable. In the case at bar the defendants were not only notified of the claim of the plaintiffs as to their liability, but the plaintiffs instituted the injunction action at the request of the defendants, and the defendants were given every opportunity to defend, and in fact were requested to take charge of the litigation, and did to some extent take part in the trial of the action; one of the defendants being an attorney, sitting with and advising the plaintiffs'

attorney in that action, and the other defendants, including the corporation, through its officers aided and assisted in the prosecution of that action. The case at bar therefore clearly comes within the rule applicable to the conclusiveness of judgments, and the judgment roll in the case of the plaintiffs against Starks was properly admitted and held by the court as res adjudicata in this action as to the fact the lis pendens was legally binding upon the plaintiffs, and under which decision, in order to protect their property, the plaintiffs were compelled to pay the amount of the Starks judgment against Lackness, in order to prevent a sale of the property purchased by them, to satisfy the judgment in that case.

It is further contended by the appellants that the omission of the notice of lis pendens upon the abstract did not render them liable for the reason that the Lacknesses did not have a legal title to the property of record at the time the abstract was made, and therefore it was not the duty of the abstract company to note the fact of the existence of the lis pendens in the abstract; but this contention was determined adversely to the defendants in the injunction suit, which we hold, under the findings in this case and the evidence, was res adjudicata and conclusive upon the defendants.

It is further contended by the appellants that the abstract was ordered, not by the plaintiffs in this action, but by Morris, one of the defendants, or by Ben Lackness, and that therefore they are not liable in this action. Whle it is true that Morris or Lackness ordered the abstract, it is clear that he did so as the agent of the plaintiffs. The plaintiffs were the parties purchasing the property, and, Morris being connected with the bank, a portion, if not all, of the money for the property was to be paid to the bank on account of the Lacknesses; but it is quite clear from the evidence that Morris or Lackness, in requesting the abstract to be made, did so in the interest, and as the agent, of the plaintiffs. It appears from the evidence of the plaintiff Goldberg that: "The transaction was made at the First National Bank in Sisseton, with Mr. Morris and Ben Lackness. At that time (he says) I received an abstract of title, I asked for such abstract of title. Exhibit B

is the abstract I received at that time. I relied upon this abstract as to the condition of the title to this land. I had a conversaion with Mr. Morris in regard to the title to this land. I told him to go in and make an abstract to show a clear title to that land. Mr. Morris promised to get an abstract." On cross-examination he testified: "I asked both Mr. Morris and Ben Lackness to get the abstract for me. They were there together, and I wanted them to get me an abstract, and Ben Lackness went over to the court-house and got it." It clearly appears from the evidence that Mr. Morris was a director and managing officer of the defendant corporation, and had charge of its affairs, and that, when requested to furnish the abstract of title, it was furnished for the benefit of the plaintiffs. It is not material, in our view, which one of the parties furnished the abstract, or which one paid for the same; the plaintiffs, being the purchasers of the propery, were the parties directly interested in the correctness of the abstract furnished by the abstract company, as, if the property was incumbered, or there were liens thereon which were not shown by the abstract, they were the parties to suffer damage by reason of the omission, and that they did suffer damage is clearly shown by the evidence that they were compelled to pay the Starks judgment in order to protect themselves from a sale of the property under that judgment, and thereby prevent a loss of the property purchased by them.

It will be noticed by the provisions of section 3197, Pol. Code, that the abstracters are liable for any and all damages that may occur to any party or parties by reason of any error or deficiency or mistake in any abstract or certificate of title made and issued by such person, firm, or corporation. The liability therefore of the abstracters is to the person injured, without regard to who pays for the abstract or by whom it had been ordered, and such seems to be the view of the Supreme Court of Nebraska, which state has an abstract law practically identical with our own, and that court held in the case of Gates City Ab. Co. v. Post, 55 Neb. 742, 76 N. W. 471, that "One who purchases real estate on the faith of a certificate of title furnished to his vendor by a bonded abstracter may maintain an action for damages grounded on the

failure of the abstracter to make the proper search and true certificate." And in the course of its opinion the court says: "That being the case, it seems highly probable that in adopting the act in question the legislative design comprehended protection to those who in dealing with land titles rely on the correctness of the abstracter's certificate. They stood most in need of legislation of this character, and, being fairly within the description of persons for whose benefit the law was enacted, we feel warranted in hold · ing that they are within its terms." The defense to that action was that the liability of an abstracter is contractual, and that the principal defendants never had any contract relations with the plaintiff; but, notwithstanding this defense, the abstracter was held liable. A similar view was taken by the courts in the following cases: Western L. & S. Co. v. Silver Bow Ab. Co., 31 Mont. 448, 78 Pac. 774; Bldg. & Loan Ass'n v. W. Jersey T. & G. Co., 64 N. J. Law, 27, 44 Atl. 854; Dickle v. Nashville Ab. Co., 89 Tenn. 431, 14 S. W. 896; Denton v. Nashville Title Co., 112 Tenn. 320, 79 S. W. 799; 1 Am. & Eng. Ency. of Law, 221. In the case of Dickle v. Nashville Ab. Co., supra, the court held that: "Where A. refused to purchase a tract of land from B. unless furnished with an abstract of title, and B. thereupon procured an abstract from an abstract company, * * * the company is liable to A., who, relying on the abstract and guaranty, has purchased the property and sustained loss through the omission of a conveyance therein." It was evidently the intention of the Legislature of this state, in adopting the sections of the Political Code applicable to the liability of abstracters, to include within its protection any person that might suffer damage by reason of the neglect or omission of the abstracter in making his abstract, and we think it was clearly the intention of the Legislature of this state to include a case like the one at bar.

The contention of the appellants that the findings are not supported by the evidence is clearly untenable. The findings of the circuit court are presumptively correct, and, while there was some conflict in the evidence, we are unable to say that there was a preponderance of the evidence against the findings of the court.

It is further contended by the appellants that the findings of the court do not support the judgment. It is alleged in the second paragraph of the assignment of errors that the findings of fact are not sufficient to support or justify, and do not support or justify the judgment against the defendants, in this, that the action is brought upon a bond of the defendant Sisseton Loan & Title Company, which said bond was dated and executed August 30, 1904, filed September 5, 1904, and approved by the board of county commissioners of Roberts county October 6, 1904, as shown by the complaint and findings of fact herein, while the judgment is rendered upon a pretended cause of action that accrued July 14, 1904, long before the execution of the bond.

It is contended by the respondent that neither during the trial nor on the motion for a new trial was the attention of the court called to the date of the bond, or any objection made which was based on that alleged defect, and that question was not presented to the court below, either by motion, objection to the testimony, or on the motion for a new trial, and therefore the sufficiency of the findings to support the judgment cannot be considered by this court. This contention, as applied to the case at bar, is not tenable. The findings constitute a part of the judgment roll, and an appeal may be taken from the judgment without any bill of exceptions or motion made for a new trial, and, when the alleged defect appears in the judgment roll presented to this court on the appeal from the judgment, the questions as to the sufficiency of the complaint, the sufficiency of the findings or general or special verdict to support the judgment, or a defect in the judgment, may be presented to this court upon a proper assignment of error, and the court, in case the complaint fails to state a cause of action, or the verdict or findings are not sufficient to sustain the judgment, or the judgment is fatally defective, will reverse the judgment, nothwithstanding the question of their sufficiency has not been raised in the court below. This logically follows from the fact that on appeal from the judgment no bill of exceptions or statement or motion for a new trial is required. The statement in the opinion of this court in the case of McCabe v. Desnoyers et al., 20 S. D. 581, 108 N. W. 341, that "the rule is well settled

that no question not presented to the court below, in some form
at the trial, and a ruling had thereupon, can be raised in this
court," must be read in connection with the facts in that case
from which it appears that the objections were such as must
necessarily have been contained in a bill of exceptions and pre-
sented to the trial court on a motion for a new trial. And the
same may be said of the other cases cited by the learned counsel
for the respondent in support of his proposition above contended
for.

It will be observed in the case at bar that the appeal is taken
from both the judgment and order denying a new trial. An appeal
from the judgment only brings up the judgment roll, and in a
proper case, and upon proper assignments of error, this court will
examine the sufficiency of the complaint, or the sufficiency of the
findings, general or special verdict to support the judgment with-
out regard, for that purpose, to the bill of exceptions or statement.
In Hentsch v. Porter, 10 Cal. 555, it was held that an objection
to the sufficiency of the complaint could be raised for the first
time in the appellate court, and this seems to have been the uni-
form rule in California, the practice act of which state is quite
similar to our own.   Buckman v. Hatch, 139 Cal. 53, 72 Pac. 445;
Bell v. Thompson, 147 Cal. 689, 82 Pac. 327.   And the same view
is taken by this court in Porter v. Booth et al., 1 S. D. 558, 47
N. W. 960.   In Hutton v. Reed et al., 25 Cal. 478, the Supreme
Court of California, held, in a case where the appeal was taken
from the judgment and also from the order denying a new trial,
and the statement was insufficient to bring before the court the
order denying a new trial, that the judgment roll would be ex-
amined for the purpose of determining the sufficiency of the ver-
dict to sustain the judgment, and that it was not necessary in
such case that there should be in the transcript or on file any state-
ment of the ground upon which the party relies; but when the
court came to examine the case it would require a brief or state-
ment of points and authorities to be furnished on the part of the
appellant, and, in the absence of such brief or statement, the judg-
ment would be affirmed.   Kaiser v. Dalto, 140 Cal. 169, 73 Pac.
828.   In 11 Enc. P. & P. 905, it is said: "There is no principle of

law more firmly established than that the judgment must follow and conform to the verdict or findings, and, where a special verdict is rendered, a judgment, to be entered thereon, must be the logical legal conclusion upon the facts found by the jury and upon those facts alone." And the learned author cites a large number of cases in support of the proposition. And in Cyc 428, it is said: "Where the judgment below does not follow the verdict which is itself proper, the appellate court will amend it so as to make it conform to the verdict. And so a judgment or decree in a case tried by the court without a jury may be modified on appeal to correspond with the findings." The proposition above stated therefore that the court will examine the judgment roll for the purpose of ascertaining the sufficiency of the complaint, or of the findings or verdict to support the judgment, and that the question may be raised for the first time in the appellate court upon a proper assignment of errors, is well settled. Upon an examination of the findings in the case at bar, we are of the opinion that the findings are clearly sufficient to support the judgment as against the defendant corporation. All the facts necessary to sustain its liability for the loss sustained by the plaintiffs are fully found by the court.

The judgment, however, as against Morris, Babcock, and Rickert is not sustained by the findings. The only claim made against them is that they are liable as sureties upon their bond. The court in its second finding as to the bond finds: "That a true and correct copy of said bond, together with the indorsements thereon, is attached to the complaint herein and marked 'Exhibit A,' and made a part of these findings." Upon an examination of Exhibit A, we find that the bond referred to was executed on the 30th day of August, 1904, filed for record September 5th, and approved October 6th, as alleged in the assignment of error. The legal and logical conclusion therefore from this finding is that Morris, Babcock, and Rickert were not liable for errors in the abstract made long prior to their becoming sureties on the bond of the corporation. It is clear therefore that the three defendants named could not be held liable on the bond executed by them in this action for an alleged cause of action that accrued on July

14th, 45 days before they executed the bond. The judgment therefore as against them is wholly unsupported by the findings. It clearly appearing from the findings that no facts are found showing their liability for the act of the corporation long prior to the time they executed the bond, no judgment against them could be properly entered, and the judgment must therefore be reversed as to them; but no new trial is necessary, as this court may properly direct that the circuit court shall modify its judgment by striking therefrom the names of Morris, Babcock, and Rickert, and correcting its conclusion of law by limiting the same to the defendant Sisseton Loan & Title Company. Ft. Scott v. Hickman, 112 U. S. 150, 5 Sup. Ct. 56, 28 L. Ed. 636; Roehl v. Roehl, 20 Neb. 55, 29 N. W. 257; Fischer v. Blank, 138 N. Y. 669, 34 N. E. 397.

It is further contended by the appellants that the complaint does not state facts sufficient to constitute a cause of action as against any of the defendants; but, as there is no assignment of error in the record presenting this question to the court, it cannot be considered by us on this appeal. This court has recently held, in case of Williams Bros. Lumber Co. v. Kelly et al., 23 S. D. 582, 122 N. W. 646, that this court will not consider any question not properly presented to it by an assignment of error, and this ruling, we think, should apply to all cases, as it would be manifestly unfair to opposing counsel and the court to present a question for the first time in this court for its decision, which has not been called to the attention of counsel or the court by an assignment of error. The object of an assignment of errors is to call to the attention of the opposing counsel and court the points that will be presented on the appeal, in order that such counsel may have an opportunity to make the necessary preparations on the hearing of the same, and also to inform the court as to the points it will be called upon to decide. Our rules require such assignment of errors, and we discover no reason why the rule should not be applicable to all cases appealed to this court, whether they involve questions that have been passed upon by the trial court, or involve new questions that may be raised for the first time on appeal to this court. There being no assignment of error therefore as to the alleged

defect that the complaint does not state facts sufficient to constitute a cause of action, we must decline to consider or discuss it on this appeal.

Objections were interposed on the trial of the case to the admission of the judgment rolls, and notice of lis pendens, etc.; but as the objections were made on behalf of all the defendants, including the corporation, and the ground of the objection stated in the assignment of error in this court not being called to the attention of the court, it properly overruled the same.  Greenleaf on Evidence, § 421; Elwood v. Deifendorf, 5 Barb. 398; Pitts Agricultural Works v. Young, 6 S. D. 557, 62 N. W. 432; Caledonia Gold Mining Co. v. Noonan et al., 3 Dak. 189, 14 N. W. 426. Mr. Greenleaf, in the above section, says: "It is also to be noted as a rule applicable to all objections to the reception of evidence that the ground of objection must be distinctly stated at the time, or it will be held vague and nugatory."  And in Elwood v. Deifendorf, 5 Barb. 398, it was held by the Supreme Court of New York that: "A party who objects to evidence, or to the competency of witnesses, should state specifically the grounds of his objection.  It is not sufficiently to object, generally, that the evidence is illegal, or the witness is incompetent; but the party objecting must put his finger on the very point, to apprise the court and his adversary of the precise objection he intends to make."  At the close of all the evidence the defendants moved for a direction of a verdict in their favor; but the grounds referred to in the assignment of error not being specified as a ground of the motion, and the motion being made in behalf of all the defendants jointly, and the attention of the court not being called to the specific ground now assigned as error in this court, the motion was properly denied.  Tanderup v. Hansen, 8 S. D. 375, 66 N. W. 1073; Howie v. Bratrud, 14 S. D. 649, 86 N. W. 747.

We have carefully examined the other errors assigned and presented by appellants in their brief, and are of the opinion that there are none possessing sufficient merit to require a separate discussion.

Our conclusion is that the order denying a new trial should be affirmed, and that the said judgment, so far as it affects Morris,

Babcock, and Rickert, should be reversed, and the judgment modified by striking their names therefrom, and as so modified the same should be affirmed as to the Sisseton Loan & Title Company.

As the judgment is reversed in part and affirmed in part, and the defendants all appeared by a joint answer, and have taken a joint appeal, no costs will be allowed to either party in this case.

McCOY, J., took no part in this decision.